NO.
12-03-00291-CR

 

                     IN THE COURT OF APPEALS 

 

          TWELFTH
COURT OF APPEALS DISTRICT

 

                                TYLER, TEXAS

HAROLD
GLENN GLAZE,                             '                 APPEAL
FROM THE 123RD

APPELLANT

 

V.                                                                         '                 JUDICIAL
DISTRICT COURT OF

 

THE
STATE OF TEXAS,

APPELLEE                                                       '                 SHELBY
COUNTY, TEXAS

                                                                                                                                        
                   

                                                      MEMORANDUM
OPINION

                                                                  PER
CURIAM

Harold
Glenn Glaze (AAppellant@) appeals the trial court=s denial of his motion for DNA
testing.  Appellant=s counsel filed a brief in compliance
with Anders v. California, 386 U.S. 738, 87 S. Ct. 1396, 18 L.
Ed. 2d 493 (1967) and Gainous v.
State, 436 S.W.2d 137 (Tex. Crim. App.
1969).  We affirm.

 

Background

On
April 19, 1993, Appellant pleaded guilty to the felony offense of aggravated
sexual assault with a deadly weapon and was sentenced to thirty years of
imprisonment.  Specifically, Appellant
was convicted of aggravated sexual assault with a deadly weapon for penetrating
his wife=s anus
with a tire tool.  On April 16, 2002,
Appellant filed a pro se motion for forensic DNA testing pursuant to
Chapter 64 of the Texas Code of Criminal Procedure.  See Tex.
Code Crim. Proc. Ann. arts. 64.01-64.05
(Vernon Supp. 2003).  The trial
court later appointed counsel to represent him at any future hearings on the motion.  








The
motion was heard on April 11, 2003. 
Appellant=s counsel
argued that if the tire tool was tested for DNA evidence, the test would come
back negative because there would be no fecal matter on the tire tool, thus
exonerating him of the crime of aggravated sexual assault.  The State argued, and Appellant=s counsel agreed, that the motion
should be denied because Appellant=s
identity was not an issue in the case. 
The trial court agreed with the State and overruled Appellant=s motion on May 5, 2003.  Appellant timely filed his notice of appeal
on May 31.

Appellant=s counsel has filed what purports to be
an Anders brief stating that the appeal is frivolous and without
merit.  See Anders v. California,
386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d  493 (1967).  Counsel=s
brief contains a professional evaluation of the record demonstrating why, under
the controlling authorities, there is no error in the court=s judgment.  See High v. State, 573 S.W.2d 807, 812 (Tex. Crim. App.
[Panel Op.] 1978).  Counsel served a copy
of his brief on Appellant, and though Appellant was advised of his right to
file a pro se brief by counsel, he has not done so.  However, we are hesitant to presume that an Anders
analysis is appropriate for reviewing a trial court=s findings on a motion for DNA
testing, so we will review the case on its merits before considering counsel=s motion to withdraw.

 

Analysis

The
convicting court may order forensic DNA testing only if 1) the court finds that
the evidence still exists in a condition making DNA testing possible and has
been subjected to a sufficient chain of custody to establish its integrity, 2)
identity was or is an issue in the case, and 3) the convicted person
establishes by a preponderance of the evidence that a reasonable probability
exists that the person would not have been prosecuted or convicted if
exculpatory results had been obtained through DNA testing and the request for
the proposed DNA testing is not made to unreasonably delay the execution of
sentence or administration of justice.  Tex. Code Crim. Proc. Ann. art.
64.03(a) (Vernon Supp. 2003).  In the instant case, the trial court found
that because identity was not an issue in the case, Appellant failed to meet
his burden of proving the elements necessary to obtain the testing under
article 64.03. 








In
reviewing the trial court=s
decision, we employ the Guzman bifurcated standard of review by
affording almost total deference to a trial court=s
determination of issues of historical fact and application-of-law-to-fact
issues that turn on credibility and demeanor, while reviewing de novo
other application-of-law-to-fact issues. 
Rivera v. State, 89 S.W.3d 55, 59 (Tex. Crim. App. 2002). 
The trial court=s
determination that a reasonable probability did not exist
that exculpatory DNA tests would prove innocence is an
application-of-law-to-fact issue that does not turn on credibility and
demeanor; therefore, this issue is reviewed de novo.  Id.

At
the hearing on Appellant=s
motion, Appellant did not testify, and Appellant=s
counsel agreed with the State that Appellant=s
identity was not an issue in the case. 
Not even a scintilla of  evidence was submitted to the court to
raise an issue as to whether Appellant penetrated his wife=s anus with the tire tool.  Appellant has not shown by a preponderance of
the evidence a reasonable probability the exculpatory DNA tests would change
the outcome of his trial, much less prove his innocence.  Accordingly, he is not entitled to a DNA test
under Chapter 64.  

 

Conclusion

The
judgment of the trial court is affirmed.  Because we decided the appeal on its merits
rather than considering counsel=s
Anders brief, we overrule counsel=s
motion to withdraw.

 

 

 

Opinion delivered April 30, 2004.

Panel
consisted of Worthen, C.J., Griffith, J., and DeVasto, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

                                                             (DO
NOT PUBLISH)